One Newark Center
Newark, NJ 07102-5211
Telephone 973.274.3200
or 212.736.8185
Fax 973.274.3299

BOCA RATON
BOSTON
LONDON
LOS ANGELES
NEW ORLEANS
NEW YORK
PARIS
SÃO PAULO
WASHINGTON

# PROSKAUER ROSE LLP

A NEW YORK LIMITED LIABILITY PARTNERSHIP
Marvin M Goldstein  Managing Resident Partner

**Judson L. Hand**
Attorney at Law

Direct Dial 973.274.6019
jhand@proskauer.com

December 7, 2007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/10/07.
```

**Via Hand Delivery**

The Honorable Richard J. Sullivan, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 615
New York, New York 10007

Re:  *Herzberg v. MegaSpirea Production SAS, et al.*
     Civil Action No. 07 CV 10503 (RJS) (████)

Dear Judge Sullivan:

This firm represents defendants MegaSpirea Production SAS, MegaSpirea International Inc.,
MegaSpirea Holdings Ltd., MegaSpirea Holding A.G., MegaSpirea NV (collectively "the
MegaSpirea defendants") and Hersch Reich ("Reich") in the above-referenced matter. Pursuant
to Your Honor's individual rules of practice, we submit this letter as notice of defendants' intent
to move to dismiss and request for a pre-motion conference. As explained below, this Court
lacks subject matter jurisdiction over this action and lacks personal jurisdiction over each of the
MegaSpirea defendants. Further, the Court should dismiss this action under the doctrine of
forum *non conveniens* as it should have been brought in Israel or Belgium. Because the
contemplated motion to dismiss would be in lieu of an answer, defendants also request that their
time to submit a response to the complaint, which currently expires on December 11, 2007, be
set at the conference along with the remainder of the briefing schedule.

**Background**:  On November 20, 2007, plaintiff Jordan Herzberg ("Herzberg") commenced this
action by filing a four-count complaint against defendants. None of the parties nor any of the
individuals discussed in the complaint reside in, or conduct business within, the State of New
York. Herzberg is an Israeli resident; Reich is a Belgian citizen and resident; MegaSpirea
Production SAS is a French corporation; MegaSpirea International Inc. is a Delaware
corporation with its principal place of business in Connecticut, MegaSpirea Holdings Ltd. is an
Israeli corporation; MegaSpirea Holding A.G. is a Swiss corporation; and MegaSpirea NV is a
Belgian corporation. The majority of the events alleged in the complaint did not occur in New
York, but rather took place in Israel or Belgium.

**PROSKAUER ROSE LLP**
The Honorable Richard J. Sullivan
December 7, 2007
Page 2

Herzberg seeks recovery of monies allegedly promised to him by Reich and MegaSpirea Production SAS in return for providing services to them. Although MegaSpirea Production SAS paid Herzberg 10,000 Euros per month as a salary for several months, Herzberg failed to provide the promised services. Now Herzberg demands several million dollars more, without a signed contract or any other legitimate basis.[1]

Because the Court lacks jurisdiction, and the parties and the allegations clearly lack the requisite nexus to New York, defendants respectfully request permission to file a motion to dismiss in lieu of an answer.

**Grounds of Proposed Motion to Dismiss**: Defendants' proposed motion to dismiss will be made on three grounds. First, this Court lacks subject matter jurisdiction over Herzberg's claims because he is an Israeli resident and, as such, cannot assert diversity of citizenship. Second, this Court is not the most convenient forum pursuant to the doctrine of forum *non conveniens* -- Israel and Belgium are. Third, this Court lacks personal jurisdiction over the MegaSpirea defendants as they do not transact business in, or otherwise have minimum contacts with, New York.

1. *The Court Should Dismiss The Complaint For Lack Of Subject Matter Jurisdiction*

Herzberg's sole basis for alleging federal jurisdiction is diversity of citizenship under 28 U.S.C. § 1332(a). He asserts that diversity jurisdiction exists because "the parties are citizens of different states or subjects of a foreign state." Although Herzberg alleges in his complaint that he is a United States citizen, he admits to residing in Israel and fails to assert he is domiciled within the United States. (Complaint, ¶ 4.) It is well settled that "United States citizens domiciled abroad are neither citizens of any state of the United States nor citizens or subjects of a foreign state, and § 1332(a) does not provide that the courts have jurisdiction over a suit to which such persons are parties." Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990). Hence, this Court lacks subject matter jurisdiction and must dismiss the complaint under Rule 12(b)(1).

2. *The Court Should Dismiss This Action Under The Doctrine Of Forum Non Conveniens Because The Action Belongs In Israel Or Belgium – Not New York*

This Court may dismiss a case on the ground of forum *non conveniens* when "an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant … " Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 (1981) (citations omitted). In analyzing such a motion, a court must determine the degree of deference to give to the plaintiff's choice of forum, decide whether an adequate alternative forum exists, and balance the private-interest and the public-interest factors. Iragorrie v. United Technologies Corp., 274 F.3d 65, 73 (2d Cir. 2001) (*en banc*).

---

[1] In fact, Herzberg's purported "services" to both Reich and MegaSpirea may have caused significant harm to these defendants. Defendants reserve all their rights, claims and defenses in this regard.

**PROSKAUER ROSE LLP**
The Honorable Richard J. Sullivan
December 7, 2007
Page 3

Each of these considerations weigh in favor of dismissing Herzberg's complaint. Herzberg's choice of forum must be afforded minimal deference because he resides outside the United States and the selected forum lacks any meaningful connection with his claims. See Iragorrie, 274 F.3d at 71 (stating that foreign resident's choice of U.S. forum should receive less consideration). Defendants are Israeli and Belgian corporations and residents, are most likely amenable to process in both of these jurisdictions, and are in all probability subject to the jurisdiction of these jurisdictions. These factors make Israel and Belgium adequate alternative forums. Further, the majority of events discussed in the complaint, including the negotiations between Herzberg and Reich and the services allegedly provided by Herzberg, took place in Israel and Belgium. Moreover, the parties and all of the key witnesses reside in Belgium or Israel and all the potentially relevant information has a nexus with these jurisdictions and in no way touches upon New York. This Court has virtually no interest in resolving this dispute and should dismiss the complaint on forum *non conveniens* grounds. See Calavo Growers of California v. Generali Belgium, 632 F.2d 963, 967 (2d Cir. 1980) (forum *non conveniens* dismissal granted where Belgium was "the jurisdiction most intimately concerned with the issues raised in this litigation" because "suit involves its residents" and involves contract "allegedly breached in Belgium") (internal quotations omitted).

3. *The Court Should Dismiss The Complaint As To The MegaSpirea Defendants Because No Personal Jurisdiction Exists*

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff "bears the burden of showing that the court has jurisdiction over [each defendant and for each cause of action asserted in the complaint]." In re Magnetic Audiotape Litig., 334 F.3d 204, 206 (2d Cir. 2003). Herzberg asserts jurisdiction is proper under CPLR § 302(a)(1), alleging that the MegaSpirea defendants "transact business" in New York. Yet, he neither sets forth any specific allegations establishing sufficient contacts with New York nor contends his claims arise out of this business, as required. See Cutco Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986) (citation omitted) (holding that CPLR § 302(a)(1) gives New York personal jurisdiction over a nondomiciliary if two requirements are met – defendant transacted business in New York and claim arises out of the subject matter of transacted business). Indeed, the only New York contacts referred in the complaint are a few exploratory meetings between Herzberg and Reich, which led to nothing more than further negotiations over the telephone, by mail and in meetings outside of New York. These limited contacts are insufficient to establish jurisdiction over any MegaSpirea defendant because defendants never purposefully availed themselves of the privileges of conducting activities within New York. See C-Life Group Ltd. v. Generra Co., 235 A.D.2d 267, 652 N.Y.S.2d 1 (1st Dep't 1997).

Respectfully submitted,

Judson L. Hand

cc: Peretz Bronstein, Esq. (via hand delivery)

*The time for defendants to answer the complaint is hereby stayed pending resolution of Defendants' proposed motion. The parties shall appear for a pre-motion conference on Dec. 18, 2007 at 3PM. Plaintiffs are directed to reply to this letter by December 12, 2007.*

SO ORDERED
Dated: 12/7/07    RICHARD J. SULLIVAN
                  U.S.D.J.

*Courtroom 21C*