Gil Feder (GF-6550)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JORDAN HERZBERG,                                    :
                                                    :
                        Plaintiff,                  :        ECF Case
                                                    :
        - against -                                 :
                                                    :        07 Civ. 10503 (RJS)(RLE)
MEGASPIREA PRODUCTIONS SAS,                          :
MEGASPIREA INTERNATIONAL INC.,                       :
MEGASPIREA HOLDINGS LTD.,                            :
MEGASPIREA HOLDING A.G., MEGASPIREA                  :
NV, and HERSCH REICH,                               :
                                                    :
                        Defendants.                 :
-------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT
## OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

**REED SMITH LLP**
599 Lexington Avenue, 29th Floor
New York, New York  10022
(212) 521-5400

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................. 1

STATEMENT OF FACTS ....................................................................... 3

    A.   The Parties .................................................................................. 3

        1.   The Defendants ................................................................... 3

        2.   The Plaintiff ........................................................................ 4

    B.   Plaintiff's Allegations ............................................................... 5

ARGUMENT .......................................................................................... 7

POINT I
THE COMPLAINT SHOULD BE DISMISSED
FOR LACK OF SUBJECT MATTER JURISDICTION ......................... 7

    A.   Standard ..................................................................................... 7

    B.   Plaintiff is a United States Citizen Domiciled in Israel ............... 8

POINT II
THE COMPLAINT SHOULD BE DISMISSED AS AGAINST
ALL DEFENDANTS FOR LACK OF PERSONAL JURISDICTION .................. 10

    A.   Standards .................................................................................. 10

    B.   Plaintiff Cannot Establish Personal Jurisdiction Under CPLR § 301(a)(1) ................. 11

    C.   Plaintiff Cannot Establish That the Exercise of Personal
        Jurisdiction Over the Defendants Comports With Due Process ................... 14

POINT III
THE COMPLAINT SHOULD BE DISMISSED
UNDER THE *FORUM NON CONVENIENS* DOCTRINE ................... 15

CONCLUSION ...................................................................................... 18

# TABLE OF AUTHORITIES

**Page**

## CASES

Barrett v. Team Dev., 2007 WL 3088317 (2d Cir. Oct. 24, 2007) .......................................... 11, 12

Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757 (2d Cir. 1983) ........................................ 11, 12

Bensusan Rest. Corp. v. King, 126 F.3d 25 (2d Cir. 1997) ............................................................ 10

Best Van Lines, Inc. v. Walker, 490 F.3d 239 (2d Cir. 2007) ................................................. 12, 14

Broadstone Realty Corp. v. Evans, 213 F.Supp. 261 (S.D.N.Y. 1962) ......................................... 9

Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) ................................................................ 14

Calavro Growers of California v. Generali Belgium, 632 F.2d 963 (2d Cir. 1980) .................... 17

Catskill Litig. Trust v. Park Place Entm't Corp., 169 Fed. Appx. 658 (2d Cir. 2006) .................. 8

Caulfield v. Imagine Advisors, Inc., 2007 WL 4615504 (S.D.N.Y. Dec. 27, 2007) .............. 11, 12

CCS Int'l, Ltd. v. ECI Telesystems, Ltd., 1998 WL 512951 (S.D.N.Y. Aug. 18, 1998) ....... 15, 16

Cresswell v. Sullivan & Cromwell, 922 F.2d 60 (2d Cir. 1990) ........................................ 7, 8, 10

Digital Lab Solutions, LLC v. Stickler, 2007 U.S. Dist. LEXIS 18396
    (S.D.N.Y. Mar. 6, 2007) ................................................................................... 12, 13, 14

EAC Sys., Inc. v. Chevie, 154 A.D.2d 813, 546 N.Y.S.2d 252 (2d Dep't 1989),
    app. denied, 75 N.Y.2d 705, 552 N.E.2d 175, 552 N.Y.S.2d 927 (1990) ................................ 11

Gates v. Pinnacle Comms. Corp., 623 F.Supp. 38 (S.D.N.Y. 1985) ........................................... 13

Gestetner v. Congregation Merkaz, 2004 WL 602786 (S.D.N.Y. Mar. 29, 2004) ............... 7, 8, 10

Johnson v. The Smithsonian Institute, 4 Fed. Appx. 69 (2d Cir. 2001) ................................... 8, 10

Kavowras v. Pinkerton, Inc., U.S.A., 1998 WL 209617 (S.D.N.Y. Apr. 29, 1998) ......... 7, 8, 9, 10

Kernan v. Kurz-Hastings, Inc., 175 F.3d 236 (2d Cir. 1999) ....................................................... 11

Korb v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 2006 WL 300477
    (S.D.N.Y. Feb. 7, 2006) ...................................................................................................... 9

Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518 (1947)) ..................................................... 15

## TABLE OF AUTHORITIES
(continued)

Page

### CASES

Libra Global Tech. Serv. (UK) v. Telemedia Int'l, Ltd., 279 A.D.2d 326,
719 N.Y.S.2d 53 (1st Dep't 2001) ............................................................... 12, 13, 14

Linardos v. Edmund Fortuna, 157 F.3d 945 (2d Cir. 1998) ............................................ 8

McGowan v. Smith, 52 N.Y.2d 268, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981) ...................... 11

McKithen v. Brown, 481 F.3d 89 (2d Cir. 2007) ............................................................ 9

Piper Aircraft & Co. v. Reyno, 454 U.S. 235 (1981) ................................................. 15, 16

Pompeyo Roa Realuyo v. Abrille, 93 Fed. Appx. 297 (2d Cir. 2004)................................. 10, 13

In re Rhodia Secs. Litig., 2007 WL 2826651 (S.D.N.Y. Sep't 26, 2001) ............................. 15

Rogers v. HSN Direct Joint Venture, 1999 U.S. Dist. LEXIS 7501
(S.D.N.Y. May 19, 1999)................................................................................ 11

Rollins v. People's Bank Corp., 2004 WL 2725039 (S.D.N.Y. Nov. 29, 2004) ........................ 14

United Computer Capital Corp. v. Secure Prod., L.P., 218 F.Supp.2d 273
(N.D.N.Y. 2002) ................................................................................. 12, 13, 14

Walther v. Maricopa Int'l Inv. Corp., 1998 U.S. Dist. LEXIS 5475 (S.D.N.Y. Apr. 15, 1998) .. 13

### STATUTES & RULES

28 U.S.C. § 1332(a) ....................................................................................... 7

Fed. R. Civ. P. 12(b)(1)................................................................................... 1

Fed. R. Civ. P. 12(b)(2)............................................................................... 1, 10

Fed. R. Civ. P. 12(b)(6).................................................................................. 1

N.Y. CPLR § 301(a)(1)................................................................................... 11

## PRELIMINARY STATEMENT

Defendants MegaSpirea Productions SAS, MegaSpirea International Inc., MegaSpirea Holdings Ltd., MegaSpirea Holdings A.G., MegaSpirea NV, and Hersch Reich submit this Memorandum of Law, along with the accompanying Declaration of Mendel Klein, dated January 29, 2008 ("Klein Decl."), in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(1), (b)(2), and (b)(6), to dismiss the complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, or in the alternative, under the *forum non conveniens* doctrine.

Plaintiff Jordan Herzberg ("plaintiff" or "Herzberg") commenced this action against Hersch Reich and five corporate entities seeking over $60,000,000 in damages for alleged breaches of contract. The question is why did he bring this action here? This is an action between foreign individuals and corporations with no ties to New York that concerns business relationships that were formed and developed overseas.

First, this Court lacks subject matter jurisdiction over plaintiff's claims because plaintiff is a United States citizen domiciled in Israel, destroying diversity jurisdiction. As plaintiff's own allegations concede, he is domiciled in Israel where he works and lives with his wife and children. He pays taxes in Israel, has an Israeli passport, and is a member of the Israeli army reserves. He is also active in political and religious activities in Israel. Finally, while employed for defendant MegaSpirea Holdings, Ltd., he only traveled to and from the Company's overseas offices and his paychecks were sent to an Israeli bank account. As a result, diversity is lacking and without alleging and establishing an additional basis for subject matter jurisdiction, plaintiff is precluded from commencing this action in federal district court.

Second, the Court lacks personal jurisdiction over the defendants. Plaintiff brings this action against five MegaSpirea entities that are all incorporated outside of New York (four of

which are incorporated overseas in Israel, Belgium, Switzerland, and France and one domestically in Delaware) and one individual, Hersch Reich, who resides in and is a citizen of Belgium. None of the defendants are present in New York, nor do they transact business here. Their offices are located overseas and their shareholder meetings are held overseas. Outside of a few preliminary meetings between plaintiff and defendant Reich in New York that did not culminate in a contract executed in New York or to be performed in the State, the transactions alleged in the complaint all relate to events and business transactions that took place *in Israel and Belgium.* As a result, plaintiff cannot establish personal jurisdiction over any of the defendants warranting dismissal of the complaint.

Finally, in any event, this action should be dismissed under the *forum non conveniens* doctrine as the parties, likely witnesses, and important documentation needed to litigate this action are all located in Israel, Belgium, and other countries overseas. Furthermore, in light of the presence of the parties abroad and their negotiations and business dealings abroad, foreign law is likely to govern plaintiff's claims. Under these circumstances, it would be in the interest of the litigants and the public to dismiss this action under the *forum non conveniens* doctrine in favor of litigation in Israel or Belgium.

Simply put, this case has little, if any, relationship to New York and does not belong here. As set forth below and in the Klein Declaration, the defendants' motion to dismiss should be granted and the complaint should be dismissed in its entirety.

## STATEMENT OF FACTS

**A.    The Parties**

1.    The Defendants

Plaintiff commenced this action against five MegaSpirea entities that are all incorporated outside of New York (four of which are incorporated overseas in Israel, Belgium, Switzerland, and France) and one individual, Hersch Reich, who resides in and is a citizen of Belgium. These defendants are identified as follows.

MegaSpirea Holdings, Ltd. is the parent company of MegaSpirea Productions SAS and MegaSpirea International, Inc. Klein Decl. ¶ 12. It is an Israeli company, is not licensed to do business in New York, and does not transact any business in New York. Id. See also Complaint (attached as Exh. A to Klein Decl.), ¶ 9. All of its offices and employees are located in Israel and its shareholder meetings are held there. Klein Decl. ¶¶ 12, 26. MegaSpirea Holdings, Ltd. is in the business of creating and marketing mailing and postal technology in Israel and Belgium. Id. ¶ 11.

MegaSpirea Productions SAS is a subsidiary of MegaSpirea Holdings, Ltd. Id. ¶ 13. It is a French company, is not licensed to do business in New York, and does not transact any business in New York. Id. See also Complaint (attached as Exh. A to Klein Decl.), ¶ 8. All of its offices and employees are located in France and its shareholder meetings are held there. Klein Decl. ¶¶ 13, 26.

MegaSpirea International, Inc. is also a subsidiary of MegaSpirea Holdings, Ltd. Id. ¶ 14. It is a Delaware corporation with its principal place of business in Connecticut. Id. See also Complaint (attached as Exh. A to Klein Decl.), ¶ 5. Like the other MegaSpirea entities, it is not

licensed to do business in New York and does not transact any business in New York. Klein Decl. ¶ 14.

MegaSpirea Holdings AG is a Swiss company. Id. ¶ 15. See also Complaint (attached as Exh. A to Klein Decl.), ¶ 6. It is not licensed to do business in New York and does not transact any business in New York. Klein Decl. ¶ 15. It is not owned, in whole or in part, by any of the other named MegaSpirea entities. Id. It has no connection to the transactions alleged in the complaint. Id. ¶¶ 15, 22.

Finally, MegaSpirea NV is a Belgium company. Id. ¶ 16. See also Complaint (attached as Exh. A to Klein Decl.), ¶ 7. It is not licensed to do business in New York, nor does it transact any business in New York. Klein Decl. ¶ 16. Moreover, it has *no* corporate affiliation to any of the above-referenced MegaSpirea entities. Id. As discussed below, it has no connection to the transactions alleged in the complaint. Id. ¶¶ 16, 22.

The only individual defendant named in the complaint, Hersch Reich is a citizen of Belgium and an officer of MegaSpirea International, Inc. and MegaSpirea Holdings, Ltd. Id. ¶ 17. See also Complaint (attached as Exh. A to Klein Decl.), ¶ 10. Mr. Reich does not reside in New York nor transact any business in the State. Klein Decl. ¶ 17.

2.    The Plaintiff

As his own allegations concede, plaintiff is a United States citizen residing abroad in Israel. Complaint (attached as Exh. A-to Klein Decl.) ¶ 4. In fact, he has been domiciled in Israel since late 2002. Klein Decl. ¶ 6. Specifically, he is a permanent resident of Jerusalem where he resides with his wife Anne and two children. Id. ¶ 6. His daughter Rachel was born in Israel. Id. ¶ 6; Exh. B.

Plaintiff also pays taxes in Israel, has an Israeli passport, and is a member of the Israeli army and member of the army reserves. Id. ¶ 7. He is also a very active participant in the Israeli

Labour party and other religious and cultural activities in Israel. Id. ¶ 7; Exh. C. Even the alumni newsletters distributed by Tufts University where plaintiff went to school mention that he resides and works in Israel. Id. ¶ 7; Exh. D.

Finally, while employed by MegaSpirea Holdings Ltd., plaintiff traveled to and from its international offices while transacting business for the Company, proving Israel is his home. Id. ¶ 8. His paychecks from MegaSpirea were sent to an Israeli bank account. Id. ¶ 8; Exh. E.

## B.    Plaintiff's Allegations

Plaintiff alleges four causes of action all based on alleged oral promises: two counts seeking damages for breach of contract, one count seeking damages for unjust enrichment, and one count seeking specific performance. As set forth below, the causes of action have no connection to the State of New York.

As to the first and fourth causes of action, plaintiff alleges that the defendants breached an agreement to provide plaintiff with a 10% equity interest in MegaSpirea.[1] Specifically, plaintiff alleges that on or about November 8, 2004, he was contacted by defendant Reich in New York regarding a business opportunity for a start-up company, MegaSpirea, and a direct mail technology patent that it was developing for a machine called the "Mailliner 100". See Complaint ¶ 14 (attached as Exh. A to Klein Decl.). Plaintiff alleges that a mutual friend, Isaac Wolff, had spoken to Reich about Herzberg's business experience and reputation and, upon information and belief, Reich thought such qualities would be beneficial to himself and the Company. Id.

---

[1]     As noted below and in the Klein Declaration, plaintiff merely lumps each defendant together under the heading "MegaSpirea" without providing any factual distinction between any of the individual MegaSpirea entities. However, the parties' discussions did not, in any way, concern the MegaSpirea Holdings AG and MegaSpirea NV entities. Klein Decl. ¶ 22.

Plaintiff alleges that Reich invited him to a meeting at the Hilton Hotel on Sixth Avenue in New York City on November 9, 2004 where Reich presented a "business plan and wanted Herzberg to assist." Id. ¶ 15. In addition, he alleges that on or about March 16, 2005, Reich made an offer to Herzberg that included a monthly payment to Herzberg of 10,000 Euros and reimbursement of expenses, along with a 10% equity interest in exchange for Herzberg's assistance with the MegaSpirea entity. Id. ¶¶ 17-18.

Although plaintiff alleges that some of the initial meetings leading to this "offer" took place in New York, he concedes that the majority of the subsequent meetings between the parties that resulted in the formation of the alleged agreement took place overseas. Id. ¶¶ 17, 20. Plaintiff alleges that he accepted Reich's "offer" resulting in a valid agreement, although he does not allege that this agreement was formed in New York. Id. ¶¶ 19.[2]

In fact, plaintiff alleges that his remaining business dealings and meetings with the defendants occurred in Belgium and Israel, not New York. Id. ¶¶ 25, 31, 36, 37. However, plaintiff alleges that at a meeting in Belgium on or about March 26, 2006, he agreed to release his claim of a 10% equity interest and compromise by accepting a 5% equity interest. Id. ¶¶ 25-26. Thus, plaintiff's first and fourth causes of action seek monetary damages and/or specific performance of agreements that were negotiated and agreed upon in Belgium. Id. ¶¶ 47-51, 65-70.

As to the second cause of action, plaintiff alleges that on January 7, 2007, he met with defendant Reich in Jerusalem, Israel where he claims Reich "offered to purchase 4,000,000 of Herzberg's shares in MegaSpirea Holdings" for approximately $2,000,000. Id. ¶¶ 31-33. He

---

[2]    As set forth in the Klein Declaration, no offer was ever extended to Herzberg in New York. Klein Aff. ¶ 19. The initial meetings in New York were merely preliminary discussions that lead to further meetings in Israel and Belgium. Id. It was those subsequent meetings that culminated in the parties' agreement.

claims this offer was accepted on or about January 15, 2007, but does not claim that it was in any way related to New York. Id. ¶ 32.

Finally, plaintiff alleges that the parties had further meetings in Belgium -- this time to discuss a potential settlement of their dispute -- but the discussions never resulted in a compromise. Id. ¶¶ 36. Plaintiff alleges that after those meetings, Reich falsely represented to third parties that Herzberg was still a member of MegaSpirea. Id. ¶ 41. These representations -- which, again, are not alleged to have taken place in New York -- form the basis for plaintiff's third cause of action. Id. ¶¶ 57-64. Accordingly, as the facts show, the allegations of the complaint have nothing to do with New York.

## ARGUMENT

### POINT I

### THE COMPLAINT SHOULD BE DISMISSED
### FOR LACK OF SUBJECT MATTER JURISDICTION

**A.**    **Standard**

First, the complaint should be dismissed for lack of subject matter jurisdiction. Plaintiff asserts subject matter jurisdiction under the federal diversity statute, 28 U.S.C. § 1332(a), which grants district courts jurisdiction over: (a) cases between "citizens of different States" and (b) cases between "citizens of a State" and "citizens or subjects of a foreign State." 28 U.S.C. § 1332(a). For an action to come within the statute, there must be complete diversity meaning diversity will not exist if any plaintiff is a citizen of the same state as any defendant. Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 68 (2d Cir. 1990).

Once a plaintiff's allegations of diversity are challenged by a defendant, plaintiff has the burden of proving that diversity jurisdiction actually exists. Gestetner v. Congregation Merkaz, 2004 WL 602786, at *2 (S.D.N.Y. Mar. 29, 2004); Kavowras v. Pinkerton, Inc., U.S.A., 1998

WL 209617, at *1 (S.D.N.Y. Apr. 29, 1998).  If diversity is lacking, dismissal is mandatory.

Gestetner, 2004 WL 602786 at *2.

**B.**    **Plaintiff is a United States Citizen Domiciled in Israel**

The Second Circuit and this Court have repeatedly held that United States citizens who

are domiciled abroad are neither citizens of any state of the United States nor citizens or subjects

of a foreign state.  Johnson v. The Smithsonian Institute, 4 Fed. Appx. 69, 71 (2d Cir. 2001);

Cresswell, 922 F.2d at 68; Kavowras, 1998 WL 209617, at *1.  Therefore, if any party to an

action is a United States citizen domiciled abroad, a plaintiff cannot rely on the diversity statute

for subject matter jurisdiction.  Id.

A party's domicile is judged at the time of filing of plaintiff's complaint, not at the time

of the events that gave rise to the lawsuit.  Catskill Litig. Trust v. Park Place Entm't Corp., 169

Fed. Appx. 658, 660 (2d Cir. 2006); Linardos v. Edmund Fortuna, 157 F.3d 945, 947 (2d Cir.

1998).  There are two components to establishing domicile: physical presence and intent to

remain "indefinitely."  Kavowras, 1998 WL 209617, at *1.  However, residence overseas at the

time of filing is *prima facie* evidence of domicile overseas.  Id.  Plaintiff's residence or domicile

at the time of the underlying events is irrelevant.  Catskill Litig. Trust, 169 Fed. App. at 660.

As plaintiff's own allegations concede, plaintiff is a United States citizen residing abroad

in Israel.  See Complaint ¶ 4 (attached as Exh. A to Klein Decl.).  Therefore, by plaintiff's very

own allegations, plaintiff is a United States citizen domiciled in Israel and cannot commence an

action in any United States district court.[3]

---

[3]    Here, five of the six defendants reside or are incorporated in a foreign country.  See Complaint ¶¶ 6-10 (attached as Exh. A to Klein Decl.); Klein Decl. ¶¶ 12-17.  The remaining defendant, MegaSpirea International, Inc. is incorporated in Delaware with its principal place of business in Connecticut.  See Complaint ¶ 5 (attached as Exh. A to Klein Decl.); Klein Decl. ¶ 14.

This conclusion is further supported by defendants' factual submissions.[4]  For example, plaintiff resides in Jerusalem with his wife Anne, son Shmuel Dov, and daughter Rachel, who was born there. Klein Decl. ¶ 6; Exh. B.  A married man's domicile "is presumed to be where his wife and family reside, if that is a permanent home, and there is no proof of separation." Broadstone Realty Corp. v. Evans, 213 F.Supp. 261, 265 (S.D.N.Y. 1962).  See also Korb v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 2006 WL 300477, at *1 (S.D.N.Y. Feb. 7, 2006) (holding that when determining domicile, the residence of a married person's spouse and children "is given considerable weight").

Plaintiff also pays taxes in Israel, has an Israeli passport, and is a member of the Israeli army reserves.  Klein Decl. ¶ 7.  He is also very active in the Israeli Labour party and other political, religious, and cultural activities in Israel.  Id. ¶ 7; Exh. C.  Even the alumni newsletters distributed by Tufts University where Herzberg went to school mention that plaintiff is residing and working in Israel.  Id. ¶ 7; Exh. D.

Finally, while employed by defendants, plaintiff worked out of their international offices and traveled to and from Israel.  Klein Decl. ¶ 8.  His paychecks while at MegaSpirea were paid to an Israeli bank account.  Id. Exh. E.  Under these circumstances, plaintiff is domiciled in Israel, not the United States.  See, e.g., Kavowras, 1998 WL 209617, at *1.

The facts of Kavowras are closely analogous to the facts here.  In Kavowras, like here, plaintiff Kavowras, who once resided in New York and owned an apartment in the State, was residing and working in China at the time of filing of the complaint.  1998 WL 209617, at *2–3. In fact, unlike Herzberg, plaintiff Kavowras paid taxes in New York and his pension checks were deposited into a New York bank account.  Id.  Although plaintiff claimed that it was his intention

---

[4]        In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may refer to evidence outside the pleadings.  McKithen v. Brown, 481 F.3d 89, 95–96 (2d Cir. 2007).

to return to New York, the overall evidence demonstrated that he had been residing and working in Hong Kong for three years prior to filing of the lawsuit and, as a result, was domiciled there. Id. Under these circumstances, this Court held that plaintiff Kavowras could not satisfy his burden of proving that he was domiciled in the United States. Id. at *3-4.

Therefore, because plaintiff is a United States citizen domiciled abroad, diversity of citizenship is lacking and the complaint should be dismissed. See, e.g., Johnson, 4 Fed. App. at 69 (dismissing complaint for lack of diversity and noting "the complaint alleges that [plaintiff] was a United States citizen domiciled in Denmark"); Creswell, 922 F.2d at 68–69 (dismissing complaint for lack of diversity jurisdiction because plaintiffs were United States citizens residing abroad); Kavowras, 1998 WL 209617, at *2–4 (dismissing complaint for lack of diversity because plaintiff was a United States citizen residing in Hong Kong); Gestetner, 2004 WL 602786, at *4 (dismissing complaint for lack of diversity because plaintiff was an American citizen residing in Canada).

## POINT II

### THE COMPLAINT SHOULD BE DISMISSED AS AGAINST ALL DEFENDANTS FOR LACK OF PERSONAL JURISDICTION

**A.**   **Standards**

In addition, the defendants' motion to dismiss should be granted pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. In a federal action based on diversity, the issue of personal jurisdiction must be determined according to the law of the forum state. Pompeyo Roa Realuyo v. Abrille, 93 Fed. Appx. 297, 298 (2d Cir. 2004); Bensusan Rest. Corp. v. King, 126 F.3d 25, 27 (2d Cir. 1997). If the exercise of jurisdiction is appropriate under state law, the Court "then must decide whether such exercise comports with the requisites of due process." Bensusan Rest. Corp., 126 F.3d at 27. When confronted with a motion to dismiss for lack of

- 10 -

personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over each defendant for each cause of action asserted in the complaint. Beacon Enterprises, Inc. v. Menzies, 715 F.2d 757, 762 (2d Cir. 1983); Caulfield v. Imagine Advisors, Inc., 2007 WL 4615504, at *4 (S.D.N.Y. Dec. 27, 2007) (citing Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999)).

**B.    Plaintiff Cannot Establish Personal Jurisdiction Under CPLR § 301(a)(1)**

Here, plaintiff does not assert that general personal jurisdiction exists over any of the defendants. Instead, the sole basis upon which plaintiff asserts personal jurisdiction over the defendants is under New York's long-arm statute, CPLR § 301(a)(1) which confers limited jurisdiction over a defendant for causes of action arising out of the defendant's transaction of business within the State. See Complaint ¶ 12 (attached as Exh. A to Klein Decl.). In order for plaintiff to establish personal jurisdiction under CPLR § 301(a)(1), he must prove that the defendants are transacting business within the State of New York and that the causes of action asserted against the defendants each arise out of that transaction of business. Barrett v. Team Dev., 2007 WL 3088317, at *1 (2d Cir. Oct. 24, 2007); McGowan v. Smith, 52 N.Y.2d 268, 272, 419 N.E.2d 321, 323, 437 N.Y.S.2d 643 (1981). It is not enough to show that the defendants transacted business within the State if the business transacted did not give rise to the causes of action asserted in the complaint. Id. See also Rogers v. HSN Direct Joint Venture, 1999 U.S. Dist. LEXIS 7501, at *5-6 (S.D.N.Y. May 19, 1999); EAC Sys., Inc. v. Chevie, 154 A.D.2d 813, 814, 546 N.Y.S.2d 252, 254 (2d Dep't 1989), app. denied, 75 N.Y.2d 705, 552 N.E.2d 175, 552 N.Y.S.2d 927 (1990).

In order to meet the "transacting business" element, a plaintiff must show that the defendant "purposefully availed itself of the privilege of conducting activities within [New York]

thus invoking the benefits and protections of its laws." <u>Best Van Lines, Inc. v. Walker</u>, 490 F.3d 239, 246 (2d Cir. 2007); <u>Caulfield</u>, 2007 WL 4615504, at *5.  Courts should examine the totality of the defendant's contacts with New York, rather than focus on one or two isolated events. <u>Digital Lab Solutions, LLC v. Stickler</u>, 2007 U.S. Dist. LEXIS 18396, at *7–8 (S.D.N.Y. Mar. 6, 2007); <u>United Computer Capital Corp. v. Secure Prod., L.P.</u>, 218 F.Supp.2d 273, 276 (N.D.N.Y. 2002).  In addition, to establish the "arising out of" element, a plaintiff must prove that there is a substantial nexus between the transaction of business alleged and the cause of action sued upon. <u>Barrett</u>, 2007 WL 3088317, at *1; <u>Beacon Enterprises, Inc.</u>, 715 F.2d at 764.

Here, plaintiff merely alleges in conclusory fashion that the Court has personal jurisdiction over the defendants "as they 'transact business within the state.'" Complaint ¶ 12. Plaintiff does not allege what business the defendants transact in New York, and, most importantly, does not allege that his causes of action arise out of any transaction of business in New York.   In fact, the only New York contacts alleged in the complaint are preliminary meetings between plaintiff and defendant Reich, which lead to nothing more than a proposal that was itself the subject of further discussions over the phone, by mail, and in meetings held outside the United States.  Plaintiff does not allege that the alleged "agreements" which he is suing upon were executed or performed in New York.

Preliminary contractual discussions that do not give rise to execution of an agreement in New York or execution of an agreement to be performed in New York cannot form the basis for personal jurisdiction.  <u>See, e.g.</u>, <u>Digital Lab Solutions, LLC</u>, 2007 U.S. Dist. LEXIS 18396, at *8 (dismissing complaint for lack of personal jurisdiction and noting that "all factors except the negotiations between [the parties] weigh against a finding that defendants transacted business in New York"); <u>Libra Global Tech. Serv. (UK) v. Telemedia Int'l, Ltd.</u>, 279 A.D.2d 326, 327, 719

N.Y.S.2d 53, 54 (1st Dep't 2001) (dismissing complaint for lack of personal jurisdiction and noting that mere negotiations in New York of a contract that was executed and performed outside the State did not constitute "transacting business" within the meaning of the statute); United Computer Capital Corp., 218 F.Supp.2d at 278 (dismissing complaint for lack of personal jurisdiction and holding, "meetings in the forum state that are exploratory, unproductive, or insubstantial are insufficient to establish requisite contacts with the state."); Gates v. Pinnacle Comms. Corp., 623 F.Supp. 38, 42 (S.D.N.Y. 1985) (holding that presence of meeting in New York did not confer personal jurisdiction where agreement was consummated during subsequent meetings that took place outside the forum); Walther v. Maricopa Int'l Inv. Corp., 1998 U.S. Dist. LEXIS 5475, at *23 (S.D.N.Y. Apr. 15, 1998) ("A single meeting in New York does not constitute the transaction of business for purposes of jurisdiction if the activities engaged in were not substantial in nature.").

As already noted above, none of the defendants reside or are incorporated within the State of New York, and, in fact, only one defendant -- MegaSpirea International, Inc. -- is incorporated within the United States. See Complaint ¶¶ 5-10 (attached as Exh. A to Klein Decl.); Klein Decl. ¶¶ 12-18. None of the defendants transact business within the State of New York. Klein Decl. ¶¶ 4, 12-18. Plaintiff does not provide factual allegations as to any of the individual or corporate defendants' ties to New York and, in fact, merely groups the corporate defendants together under the definition "MegaSpirea". Complaint ¶ 1. Simply put, plaintiff cannot establish that any of the defendants purposefully availed themselves of the privilege of conducting activities within New York such that they could expect to be haled into court here. See, e.g., Pompeyo Roa Realuyo, 93 Fed. Appx. at 299; Digital Lab Solutions, LLC, 2007 U.S.

- 13 -

Dist. LEXIS 18396, at *8; Libra Global Tech. Servs. (UK), 279 A.D.2d at 327; United Computer

Capital Corp., 218 F.Supp.2d at 278.

**C.     Plaintiff Cannot Establish That the Exercise of Personal
        Jurisdiction Over the Defendants Comports With Due Process**

Similarly, plaintiff cannot prove that the exercise of personal jurisdiction over the

defendants comports with due process.  A court deciding whether it has jurisdiction over an out-

of-state defendant under the Due Process Clause must evaluate the "quality and nature" of the

defendant's contacts to the forum under a totality of contacts test.  Best Van Lines, Inc., 490 F.3d

at 242 (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).  Closely related to

the statutory analysis discussed above, the relevant analysis "is whether the defendant has

'purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus

invoking the benefits and protections of its laws,' 'such that the defendant should reasonably

anticipate being haled into court there.'"  Id. at 242–43 (citations omitted).

Here, as discussed above, plaintiff does not allege any connection between the defendants

and the forum state outside of a few preliminary meetings between plaintiff and defendant Reich

in New York that did not result in a contract being executed or performed in New York.  Klein

Decl. ¶¶ 18-24.  None of the corporate defendants transact business in New York, nor do they

derive revenue from sales within the State.  Klein Decl. ¶¶ 4, 12-18.  In addition, defendant

Reich resides in Belgium and does not transact business in New York.  Id. ¶ 17.

Therefore, because the defendants have not invoked the benefits and protections of the

laws of this State, the defendants have no expectation of being haled into court here.  See, e.g.,

Rollins v. People's Bank Corp., 2004 WL 2725039, at *6 (S.D.N.Y. Nov. 29, 2004) (granting

defendant's motion to dismiss for lack of personal jurisdiction and noting that assertion of

jurisdiction over defendant would violate due process because defendant had no office, bank

accounts, property or employees in New York and had not "purposefully directed any of its

business activities to New York"); In re Rhodia Secs. Litig., 2007 WL 2826651, at *13

(S.D.N.Y. Sep't 26, 2001) (dismissing Complaint for lack of personal jurisdiction and noting that

assertion of jurisdiction over foreign defendants with no connection to New York would violate

due process).

As a result, the complaint should be dismissed as against each defendant for lack of

personal jurisdiction.

### POINT III

### THE COMPLAINT SHOULD BE DISMISSED
### UNDER THE *FORUM NON CONVENIENS* DOCTRINE

Finally, in the event that the Court holds that subject matter and personal jurisdiction

actually exist in the face of these facts, this action should be dismissed under the *forum non*

*conveniens* doctrine as the parties, documentary evidence, and likely witnesses are all located in

Israel, Belgium, and other countries overseas.  A federal court has discretion to dismiss a case on

the ground of *forum non conveniens* when "trial in the chosen forum would 'establish . . .

oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience,'

or when 'the chosen forum [is] inappropriate because of considerations affecting the court's own

administrative and legal problems.'" Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255 (1981)

(quoting Koster v. Lumbermens Mut. Cas. Co., 330 U.S. 518, 524 (1947)).

More specifically, the Court must first determine whether an alternative forum exists.

CCS Int'l, Ltd. v. ECI Telesystems, Ltd., 1998 WL 512951, at *6 (S.D.N.Y. Aug. 18, 1998)

(citing Piper Aircraft & Co. v. Reyno, 454 U.S. 235, 254 n. 22 (1981)).  If an alternative forum

does exist, the Court must then analyze both the private interests of the litigants and the public

interest in hearing the action in the chosen forum.  Id.  When weighing the private interests of the

litigants, the Court will consider several factors including: (1) the interest of the litigants in having the case tried in a particular forum; (2) access to sources of proof; (3) convenience of willing witnesses; and (4) the availability of compulsory process for attaining the attendance and unwillingness of witnesses.  Id.  In weighing the public interest, the Court will consider: (1) court congestion; (2) the interest of forums in having local disputes decided at home; and (3) the interest in having issues of foreign law decided by a foreign tribunal.  Id.

Here, there are at least two alternative forums: Israel and Belgium.  As noted above, plaintiff resides and works in Israel and traveled to and from Israel and Belgium on business while employed as a consultant to MegaSpirea Holdings, Ltd.  Klein Decl. ¶¶ 6-9.  As a result, his choice of forum should be given less deference by the Court.  See, e.g., Piper, 454 U.S. at 255-56 ("The District Court's distinction between resident or citizen plaintiffs and foreign plaintiffs is fully justified . . . .When the plaintiff is foreign . . . [the] assumption [favoring plaintiff's choice of forum] is much less reasonable.").  In addition, all of the defendants are amenable to jurisdiction in Israel and Belgium by virtue of their presence there.  As a result, plaintiff could have brought this action in either Israel or Belgium.  CCS Int'l, Ltd., 1998 WL 512951, at *6 (holding Israel an alternative forum because defendants were located there).

Because Israel and Belgium are alternative forums here, as noted above, the Court must analyze both the private interests of the litigants and the public interest in hearing the action in the chosen forum.  Here, outside of a few preliminary meetings between plaintiff and defendant Reich in New York, there is no connection to this forum.  Plaintiff resides in Israel, the defendants are located overseas, plaintiff purportedly worked overseas, and plaintiff's pay checks were deposited into an Israeli bank account.  Id. ¶¶ 6-9, 12-17.  As a result, Israel and Belgium have a much greater interest in hearing this dispute than New York.

- 16 -

Furthermore, all of the likely witnesses and documentation are located in Israel and Belgium, not New York. The books and records of the defendants -- including plaintiff's employment records -- are located in Israel, Belgium, and other countries overseas. Klein Decl. ¶ 26. More importantly, all the individuals who will likely testify in this action are located in Israel and Belgium. For example, like Hersch Reich, Mendel Klein resides in Belgium. Id. ¶ 27. It would require a great amount of time and expense for him to come to New York to testify in this action. Id. In addition, Hersch Reich's assistant, Moty Strobel -- who plaintiff identifies in the Complaint -- resides in Israel. Id.; See Complaint ¶ 15 (attached as Exh. A to Klein Decl.). Finally, although plaintiff alleges that Isaac Wolff, another potential witness, resides in New York, he spends most of his time in Israel as he also resides in Israel and owns a house there. Klein Decl. ¶ 27.

In fact, the only person who claims to have *any* real connection to New York is plaintiff himself, whose claim of residence in New York was seemingly created for purposes of this litigation. Overall, because all of the likely witnesses and documents needed to litigate this action are located overseas, it would be extremely burdensome on the parties and the Court to litigate this action in New York. It would also likely require the application of foreign substantive law.

Similarly, the public has little interest in hearing this dispute in New York. As noted above, New York has no interest in hearing this action because it is a dispute between foreign residents and foreign corporations with no real connection to New York. Calavro Growers of California v. Generali Belgium, 632 F.2d 963, 967 (2d Cir. 1980) (dismissing action under the *forum non conveniens* doctrine where Belgium was "the jurisdiction most intimately concerned with the issues raised in this litigation" because the suit "involve[d] its residents" and involve[d]

a contract "allegedly breached in Belgium"). The Southern District of New York is one of the busiest district courts in the nation and has little interest in adjudicating disputes with little connection to the forum.

Therefore, it is in the interest of the litigants and this Court to dismiss this action under the *forum non conveniens* doctrine.

## **CONCLUSION**

For the foregoing reasons and those set forth in the accompanying Declaration of Mendel Klein, defendants' motion to dismiss should be granted and the complaint should be dismissed in its entirety with prejudice, along with such other and further relief as the Court deems just, proper, and equitable.

Dated:    New York, New York
          January 31, 2008

REED SMITH LLP

By: _____
      Gil Feder (GF-6550)
      Casey D. Laffey (CL-1483)
    599 Lexington Avenue
    New York, New York 10022
    Tel. (212) 521-5400
    Fax. (212) 521-5450

*Attorneys for Defendants*

- 18 -