Gil Feder (GF-6550)
Casey D. Laffey (CL-1483)
REED SMITH LLP
599 Lexington Avenue
New York, New York 10022
Tel. (212) 521-5400
Fax. (212) 521-5450

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JORDAN HERZBERG,

                 Plaintiff,

           - against -

MEGASPIREA PRODUCTIONS SAS,
MEGASPIREA INTERNATIONAL INC.,
MEGASPIREA HOLDINGS LTD.,
MEGASPIREA HOLDING A.G., MEGASPIREA
NV, and HERSCH REICH,

                 Defendants.
----------------------------------------------------------------X

ECF Case

07 Civ. 10503 (RJS)(RLE)

**REPLY DECLARATION OF MENDEL KLEIN IN FURTHER SUPPORT OF MOTION TO DISMISS**

      I, MENDEL KLEIN, hereby declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

## Introduction

      1.    I am a member of the board of directors of defendants MegaSpirea Productions SAS, MegaSpirea International Inc., MegaSpirea Holdings Ltd., and MegaSpirea NV and submit this reply declaration: (i) in further support of the defendants' motion to dismiss the complaint for lack of subject matter jurisdiction and lack of personal jurisdiction, or in the alternative, under the *forum non conveniens* doctrine and (ii) to respond to several inaccuracies set forth in the declaration of plaintiff

Jordan Herzberg ("Herzberg Decl.") dated February 13, 2008.[1]

2.      As set forth in my moving declaration dated January 29, 2008, this action has no connection to this forum. Herzberg lives and works in Israel with his wife and children, owns property there, is a member of the Israel army, and actively participates in religious and political activities there. The only connection Herzberg has to New York is the fact that *his wife* attended law school at Columbia University and purchased a cooperative apartment in New York in 2002 before she even met Herzberg.

3.      In addition, none of the defendants are located in New York or transact any business in New York. Other than MegaSpirea International Inc. (which is located in Connecticut), all the defendants are located overseas in Israel, Belgium, and elsewhere. Outside of a few preliminary meetings in New York which did not result in formation of an agreement in New York, the transactions at issue in this lawsuit all occurred overseas.

4.      As a result, as set forth fully below and in the accompanying Reply Memorandum of Law, the complaint should be dismissed for lack of subject matter jurisdiction and personal jurisdiction, or in the alternative, under the *forum non conveniens* doctrine.

### Herzberg is Domiciled in Israel and Has Been for Years

5.      Herzberg argues that although he currently resides in Israel with his wife and children, he considers New York to be his permanent home. Herzberg Decl. ¶ 41. This statement is absurd, is contrary to all the documentary evidence submitted by both parties, and has seemingly been asserted solely for purposes of litigation.

6.      Herzberg concedes that he is currently living in Israel with his wife and

---

[1] Capitalized terms not expressly defined herein are defined in the moving declaration of Mendel Klein dated January 29, 2008 ("Klein Moving Decl.").

two children and has been since as early as 2005. Herzberg Decl. ¶¶ 23, 37-41, 60.

7. He fails to advise the Court that he owns a house in Israel which is far more valuable than his wife's cooperative apartment in New York.

8. He does not dispute that he pays taxes in Israel, has an Israeli passport, and is a member of the Israeli army.

9. While employed by MegaSpirea, Herzberg traveled to and from the Company's international offices. It was only on a rare occasion that his employment with MegaSpirea would require him to travel to New York. In fact, although I met with Herzberg over twenty times overseas, I only met with him *once or twice* in New York.

10. Simply put, Jordan Herzberg is currently domiciled in Israel, was domiciled there when this action was filed in November, and was domiciled there years before filing this lawsuit. As a result, I am advised by counsel that this Court lacks subject matter jurisdiction to hear Herzberg's claims.

### Herzberg Presents No Evidence That the Defendants Are Transacting Business in New York

A. None of the Defendants are Located in New York

11. Herzberg claims – without evidentiary support – that the defendants are transacting business in New York. However, none of the defendants are present in New York or transact any business in New York so as to subject themselves to personal jurisdiction in this forum.

12. None of the MegaSpirea entities have offices in New York and they do not transact business in the State.

13. Herzberg is correct that the defendants do have some investors that reside in New York. However, outside of communications with these investors, the defendants

3

do not transact any business in New York. Other than MegaSpirea International Inc. (which transacts business in Connecticut, not New York), all of the defendants transact business overseas and hold their official corporate and shareholder meetings there.

14. I am advised by counsel that the mere fact that the MegaSpirea entities may have some investors in New York does not constitute transacting business in the State. If the law was otherwise, almost every company in the world would be subject to personal jurisdiction in New York.

B.   Herzberg's Allegations of a Connection to New York

15. Herzberg claims that an offer was extended to him and accepted in New York. Herzberg Decl. ¶¶ 67-68. Again, this is a story fabricated for purposes of litigation.

16. No offer was ever extended to Herzberg in New York. Although some preliminary discussions took place in New York, no agreement was ever reached in New York. As Herzberg's complaint concedes, the vast majority of the subsequent meetings and settlement discussions between the parties took place in Israel and Belgium and other countries, where the principal parties are located. Complaint (Klein Moving Decl., Exh. A) ¶¶ 20, 25, 31, 36.

17. As I noted in my moving declaration, in April or May 2006, in a meeting that took place in Belgium, Herzberg and Mr. Reich finally agreed that if Herzberg could solicit over $40,000,000 in potential investors for MegaSpirea Holdings, Ltd., he would then receive a 5% ownership interest in the Company. This offer was accepted by Herzberg at a meeting that took place in *Switzerland*, not New York.

18. However, Herzberg never performed as promised and failed to bring any

new investors or any money whatsoever to MegaSpirea Holdings, Ltd.

19. In fact, in his Declaration, Herzberg fails to identify *any* investors that he brought to MegaSpirea. The only company that he even references was Houlihan Lokey Howard & Zukin, which merely acted as a consultant to the Company and never invested any capital in MegaSpirea.

20. In conclusion, *nothing* was ever transacted in New York or performed in New York. As a result, I am advised by counsel that the defendants are not subject to personal jurisdiction in New York.

### Because Herzberg Concedes He is Living in Israel, This Action Should be Dismissed in Favor of Litigation in Israel or Belgium

21. Finally, Herzberg's admission in his Declaration that he is currently residing overseas with his wife is further evidence of why this action should be dismissed in favor of litigation overseas.

22. If plaintiff is located in Israel and the defendants (other than MegaSpirea International, Inc. which is located in Connecticut) are all located overseas, why should this action be adjudicated here?

23. Herzberg does not dispute that the defendants' corporate books and records – including Herzberg's employment records – are maintained overseas.

24. Herzberg's unsupported assertion that Moty Strobel and Isaac Wolff – two potential witnesses – are residing in Brooklyn, New York (Herzberg Decl. ¶¶ 62, 64) is false. Mr. Strobel resides in Israel and spends the majority of his time there. In addition, although Mr. Wolff spends some time in New York, he owns a house in Israel where he resides with his wife and children. Herzberg apparently takes the position that anytime someone travels to New York, they must be residing in the State.

25.  Therefore, because the parties, material witnesses, and documents essential to this action are located outside New York, this action should be dismissed under the *forum non conveniens* doctrine.

### Conclusion

26.  For the foregoing reasons and those set forth in the accompanying Reply Memorandum of Law, as well as defendants' moving papers, the defendants' motion to dismiss for lack of subject matter jurisdiction and lack of personal jurisdiction, or in the alternative, under the *forum non conveniens* doctrine, should be granted in its entirety, along with such other, further, and different relief as the Court deems just, proper, and equitable.

Executed:   Antwerp, Belgium
            February 21, 2008

_____
MENDEL KLEIN