UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
                                                               :
Jordan Herzberg,                                               :    **ECF Case**
                                                               :
Plaintiff                                                      :    No. 07 Civ. 10503 (RJS)
                                                               :
             - against -                                       :
                                                               :
MegaSpirea Productions SAS, MegaSpirea                         :
International Inc., MegaSpirea Holdings Ltd.,                  x
MegaSpirea Holding A.G., MegaSpirea NV, Mr.                    :
Hersch Reich,                                                  :
                                                               :
                          Defendants.                          :
                                                               :
                                                               :
                                                               :
                                                               ::
                                                               ::
                                                               ::
                                                               ::
                                                               :
-------------------------------------------------------------- x


PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS


Peretz Bronstein
BRONSTEIN, GEWIRTZ & GROSSMAN LLC
60 East 42nd Street, Suite 4600
New York, New York  10165
Telephone:  (212) 697-6484

Attorneys for Plaintiff

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

DEFENDANTS MUST PROVE BY CLEAR AND CONVINCING EVIDENCE THAT
PLAINTIFF IS NO LONGER A NEW YORK DOMICILIARY –
<u>THEY HAVE FAILED TO MEET THIS BURDEN</u> . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## TABLE OF AUTHORITIES

**Cases:**

|  | Page |
|---|---|
| Bank of India v. Subramramanian, 06 Civ. 2026 (WHP), 2007 U.S. Dist. LEXIS 35148 (S.D.N.Y. 2007) | 2, 4 |
| Blumatte v. Quinn, 521 F. Supp. 2d 308, 310 (S.D.N.Y. 2007) | 2 |
| Finkelstein v. Wachtel, 00 Civ. 2672 (JSM), 2003 U.S. Dist. LEXIS 6695 (S.D.N.Y. 2003 | 2, 4 |
| Gold v. Katz, No. 90 Civ. 7726 (RLC), 1991 U.S. Dist. LEXIS 15944 (S.D.N.Y. 1991) | 2, 4 |
| Gutierrez v. Fox, 141 F.3d 425, 429 (2d Cir. 1998) | passim |
| Kaiser v. Loomis, 391 F.2d 1007, 1009-1010 (6th Cir. 1968) | 2 |
| Katz v. Goodyear Tire & Rubber Co., 737 F.2d 238 (2d Cir. 1984) | 2 |
| Kleiner v. Blum, 03 Civ. 3846 (NRB), 2003 U.S. Dist. LEXIS 17081, at *3-4 (S.D.N.Y. 2003)) | 2, 4 |
| Mitchell v. United States, 88 U.S. (21 Wall.) 350, 353, 22 L. Ed. 584 (1874) | 3 |
| Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000) | 1, 2 |

**Statutes and Rules**:

| | |
|---|---|
| 28 U.S.C. § 1332(a)(2) | 1 |
| Fed. R. Civ. P. 12(b)(1) | 1 |
| Fed. R. Civ. P. 12(b)(2) | 1 |
| Fed. R. Civ. P. 12(b)(6) | 1 |

**Treatises**:

| | |
|---|---|
| Restatement (Second) of Conflict of Laws § 19 | 1, 2 |

Plaintiff Jordan Herzberg ("Herzberg") respectfully submits this memorandum of law, along with the accompanying Declaration of Rabbi Josh Lookstein, in opposition to the motion of defendants MegaSpirea Productions SAS, MegaSpirea International, Inc., MegaSpirea Holdings Ltd., MegaSpirea Holding A.G., MegaSpirea NV, (collectively, "MegaSpirea"), and Hersch Reich ("Reich")(collectively "Defendants") to dismiss Herzberg's complaint ("Complaint" or "Compl.") pursuant to Fed. R. Civ. P. ("Rule") 12(b)(1), 12(b)(2), 12(b)(6), and under the doctrine of *forum non conveniens*.

## ARGUMENT

### DEFENDANTS MUST PROVE BY CLEAR AND CONVINCING EVIDENCE THAT PLAINTIFF IS NO LONGER A NEW YORK DOMICILIARY – THEY HAVE FAILED TO MEET THIS BURDEN

In their reply papers, Defendants continue to put forth an erroneous standard of law. Inexplicably, Defendants continue to argue that the test of citizenship for purposes of establishing diversity jurisdiction under 28 U.S.C. § 1332(a)(2) is simply where Plaintiff resides. That simply is not the case. The law is patently clear. The test for citizenship is where Herzberg is domiciled and not where he currently resides. See Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). Moreover, and as a matter of law, Herzberg's status as a New York domiciliary is presumed to be retained until **clear and convincing** evidence is brought forth by the Defendants to prove otherwise. Defendants have failed to meet this legal burden.

Once acquired, Herzberg is presumed to retain his domicile until proven otherwise by clear and convincing evidence. See Gutierrez v. Fox, 141 F.3d 425, 429 (2d Cir. 1998) (citing Restatement (Second) of Conflict of Laws § 19 (stating that "[a] domicil once established continues until it is superseded by a new domicil")). This

1

burden falls upon the Defendants and not on Herzberg as "the burden of proof is on the party who asserts that a change of domicile has taken place." Id. Defendants must show therefore, "(1) residence in a new domicile; and (2) intent to remain there." Blumatte v. Quinn, 521 F. Supp. 2d 308, 310 (S.D.N.Y. 2007) (citing Palazzo v. Corio, 232 F.3d 38, 42 (2d Cir. 2000)). See also Gutierrez 141 F.3d at 429; Kaiser v. Loomis, 391 F.2d 1007, 1009-1010 (6th Cir. 1968).  Moreover, "[t]he requisite intent to take up a new domicile, and the acquisition of a residence in a new locale, must be proven by **clear and convincing evidence**." Gutierrez, 141 F.3d at 429 (emphasis added); Palazzo, 232 F.3d at 42; Katz v. Goodyear Tire & Rubber Co., 737 F.2d 238, 243-44 (2d Cir. 1984); Kaiser, 391 F.2d at 1009; Blumatte, 521 F. Supp. 2d at 310.  Furthermore, where the record supports two potential domiciles, the presumptive domicile prevails.  See Bank of India v. Subramramanian, 06 Civ. 2026 (WHP), 2007 U.S. Dist. LEXIS 35148, at *13-14 (S.D.N.Y. 2007).  See also Kleiner v. Blum, 03 Civ. 3846 (NRB), 2003 U.S. Dist. LEXIS 17081, at *3-4 (S.D.N.Y. 2003); Finkelstein v. Wachtel, 00 Civ. 2672 (JSM), 2003 U.S. Dist. LEXIS 6695 at *8-9 (S.D.N.Y. 2003); Gold v. Katz, No. 90 Civ. 7726 (RLC), 1991 U.S. Dist. LEXIS 15944, at *10 (S.D.N.Y. 1991) (where the factors between New York and Florida domicile weighed equally, the presumptive domicile – New York – prevailed).

The record clearly establishes that Plaintiff Herzberg became a New York domiciliary in 2001 and his wife in 1996 – a point which Defendants concede. Defendants now argue, however, that Herzberg's domicile has changed from New York to Israel.  Because Defendants are the party claiming a change in domicile has occurred, in order to rebut New York as Herzberg's presumptive domicile, Defendants need to

2

come forth with clear and convincing evidence. This they have not done. Throughout their moving papers, Defendants simply rely on the fact that Herzberg is currently residing in Israel as their sole proof that he is no longer a New York domiciliary.[1] Under the law, however, it is unmistakable that "[m]ere absence from a fixed home, however long continued, cannot work the change." <u>Gutierrez</u>, 141 F.3d at 429 (citing <u>Mitchell v. United States</u>, 88 U.S. (21 Wall.) 350, 353, 22 L. Ed. 584 (1874)). Moreover, residence away from one's domicile for a trial period in order to ascertain whether to make a permanent move is also not sufficient evidence proving a change in domicile. <u>Id.</u>

The case of <u>Guitierrez</u> is instructive. In that case, the Second Circuit reversed the District Court finding of a change in domicile from New Jersey to New York on the sole basis that plaintiff had spent 200 days in New York and only 165 days in New Jersey and that it "did not matter" why he "chose to [spend those 200 days in New York]." In reversing, the Second Circuit held that counting days and failing to examine the reasons why plaintiff had spent more time in another locale was insufficient proof of a change in domicile. It was necessary for the lower court to find that there "must be *animus* to change the prior domicile from another. Until the new one is acquired, the old one remains." Furthermore, the Second Circuit found that "when a change in domicile is alleged, the burden of proof rests upon the party making the allegation."

As in <u>Gutierrez</u>, Defendants here are claiming a change in Herzberg's domicile to Israel merely because he spent more days in Israel than in New York and without offering any additional proof. At most, Defendants have shown Israel to be a potential

---

[1] Defendants falsely imply that living in Israel for a few years proves intent to remain there permanently. They ignore that thousands of practicing Jews reside in Israel on and off throughout their lives for religious reasons without intending to remain there permanently nor to give up their US state citizenship. <u>See</u> Declaration of Rabbi Josh Lookstein.

3

domicile, but as according to the law, where the record supports two potential domiciles, the presumptive domicile prevails.  See Bank of India, 2007 U.S. Dist. LEXIS 35148, at *13-14; Kleiner, 2003 U.S. Dist. LEXIS 17081 at *3-4; Finkelstein, 2003 U.S. Dist. LEXIS 6695 at *8-9: Gold, 1991 U.S. Dist. LEXIS 15944 at *10.  In this case, that domicile is New York.  There is no basis, therefore, to dismiss Plaintiff's complaint.

\* \* \* \*

For all of the foregoing reasons, Defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and *forum non conveniens* should be denied in its entirety.

Dated: New York, New York
       March 3, 2008

                        Respectfully Submitted,

                        BRONSTEIN, GEWIRTZ & GROSSMAN LLC

                            /s/ Peretz Bronstein
By: _____
    Peretz Bronstein (PB8628)
    Anne L. Quintal (AQ0490)

60 East 42nd Street
Suite 4600
New York, New York  10165
Telephone:  (212) 697-6484

Attorneys for Plaintiff

4